United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.  25-cv-07112-VKD<br><br>**ORDER RE APPLICATION TO PROCEED IN FORMA PAUPERIS; STAYING SERVICE OF PROCESS; AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 2 |

On August 21, 2025, Tanbeer Singh Brar, who is representing himself, filed a complaint against Apple Inc. ("Apple"), along with an application for permission to proceed in forma pauperis ("IFP").  Dkt. Nos. 1, 2.  Mr. Brar has also filed a motion for permission to e-file and for an order waiving "all fees and charges for . . . Pacer and for court."  Dkt. No. 3.  This order directs Mr. Brar to file a complete IFP application form; stays service of process; and screens his complaint.  Mr. Brar is directed to take corrective action by September 30, 2025, or his case may be dismissed.

**I.**  **IFP APPLICATION**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."  *Lopez v.*

1  *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

2      Mr. Brar's IFP application is incomplete. For example, Mr. Brar did not answer questions about automobile(s) (if any) that he owns (Question 6); any bank accounts he has (Question 7); his monthly expenses (Question 8); and any other debts (Question 9).

    Without a complete and accurate picture of Mr. Brar's finances, the Court cannot evaluate whether he is entitled to IFP status. Accordingly, if Mr. Brar wishes to proceed in forma pauperis, he must file a complete IFP application by **September 30, 2025**. If Mr. Brar does not file a complete application by that date, the Court may order him to pay the filing fee. Mr. Brar may also choose to pay the filing fee by September 30, 2025 instead of re-filing an IFP application.

    Even assuming that Mr. Brar is eligible for IFP status, for the reasons discussed below, it is not clear from his complaint that the Court has subject matter jurisdiction over his claims or that his complaint states a plausible claim for relief.

## II.    REVIEW OF COMPLAINT

    Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*. Federal district courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. The Court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h).

    While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if the facts pled permit the court to draw a reasonable inference that

the defendant is liable for the alleged misconduct. *Id*. at 679.

Mr. Brar filed a form complaint, in which he seeks $103 million, stating that the "main ground" of this action is Apple's alleged "violation of [his] privacy and policies and securities and breach of [his] data . . .." Dkt. No. 1 at ECF 3, 7. Mr. Brar also alleges that Apple "with[eld] rights" to "products" and "stole [his] most important . . . data which was stored in [his] iPhones and iClouds." Dkt. No. 1 at ECF 4; Dkt. No. 1-1 at ECF 7. Mr. Brar claims that Apple "ha[s] to pay [him]" for his "work or/and contribution in the improvement of online securities, policies and safety of iPhone . . .." *Id*. at ECF 4. Throughout the complaint, Mr. Brar reiterates that Apple withheld "hardwares, softwares" and information about its products and "promot[ed]" a "crime." *See, e.g., id*. at ECF 3, 4, 5, 7, 10; Dkt. No. 1-1 at ECF 9, 13. He also alludes to a state family court matter and to an action pending in the Eastern District of California, which he indicates do not pertain to the claims he asserts in the present case. *See* Dkt. No. 1 at ECF 5, 8. The complaint's allegations do not identify a basis for federal question jurisdiction under 28 U.S.C. § 1331. The complaint also indicates that there is no basis for diversity jurisdiction under 28 U.S.C. § 1332, as Mr. Brar states that he lives in California, and Apple is a California corporation. *See* Dkt. No. 1-1 at ECF 6. The complaint's vague and disparate allegations do not state a cognizable claim or plausibly establish that Apple is liable for any injuries Mr. Brar claims to have suffered or that he is entitled to relief.

### III. CONCLUSION

Mr. Brar's complaint does not state facts supporting the Court's subject matter jurisdiction over this case. Nor does the complaint state facts supporting a plausible claim for relief. Mr. Brar therefore is directed to file an amended complaint addressing the issues described above. Mr. Brar's amended complaint must be filed no later than **September 30, 2025** and include the caption and civil case number used in this order, Case No. 25-cv-07112-VKD, and the words "First Amended Complaint" on the first page. If Mr. Brar does not file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in whole or in part.

3

Additionally, to the extent Mr. Brar seeks to renew his IFP application, he must file a complete application by **September 30, 2025**.  If he does not do so, the Court may order him to pay the filing fee.  Mr. Brar may also choose to pay the filing fee by September 30, 2025 instead of re-filing an IFP application.

Mr. Brar is encouraged to obtain a copy of the Handbook for Pro Se Litigants, available at https://cand.uscourts.gov/pro-se-handbook/.  He may also wish to seek assistance from the Federal Pro Se Program.  Information about the program is available at https://cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.  The Program's hours are Monday to Thursday 9:00 a.m. to 4:00 p.m.  Appointments may be made by calling 408-297-1480.

**IT IS SO ORDERED.**

Dated: September 2, 2025

Virginia K. DeMarchi
United States Magistrate Judge

4